IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00603-WDM-BNB

ERNEST BOCANEGRA,

Plaintiff,

v.

UNION PACIFIC RAILROAD, a corporation,

Defendant.

_____

## PROTECTIVE ORDER

_____

Upon consideration of the Motion for Entry of Stipulated Protective Order concerning certain confidential information disclosed during discovery, and it appearing to the Court that sufficient cause exists for the issuance of such Order, it is

ORDERED as follows:

1.    A party may designate as CONFIDENTIAL any document produced (including information disclosed pursuant to Fed. R. Civ. P. 26), discovery response (*e.g.*, document, interrogatory response, or deposition testimony), motion, or brief (or any portion thereof) containing confidential information if the party in good faith contends that the document produced, response, motion, or brief contains confidential business matters, private employee matters, or material that is otherwise private or confidential, including, but not limited to:

   a.    Information relating to or identifying any former or current individual employees of Union Pacific Railroad Company (the "Defendant") including, but not limited to, Social Security numbers, employee identification numbers, birth dates, addressees, and telephone numbers;

b.      Information relating to any current or former individual employee's salary, benefits, other compensation (other than wage schedules contained in any collective bargaining agreement), work/discipline/medical history, and all other confidential information maintained in personnel and benefit files or communicated to former and current employees of the Defendant;

c.      Information concerning confidential proprietary matters including, but not limited to, the Defendant's confidential policies and procedures; and

d.      Information concerning any examination, treatment, diagnosis, prognosis, information about medical history, or any other procedure or communication by or with any health-care provider.

2.      As used in the Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.      The designation of a document as CONFIDENTIAL may be made only by a party, an attorney or paralegal with training (however, any designation by a paralegal must be reviewed by an attorney) in what constitutes confidential information.

4.      Where appropriate, any information designated as CONFIDENTIAL shall be clearly designated by placing or affixing on the information (in a manner that will not interfere with legibility) the following or other appropriate notice:  "CONFIDENTIAL."  Any information designated as CONFIDENTIAL and filed with the Court shall be filed under seal.  All information designated as CONFIDENTIAL shall be kept in the custody of counsel of record for the party receiving the information, and shall not be used except for purposes of this case. Except pursuant to Court order, no party receiving any information designated

#1221276 v1

CONFIDENTIAL, or any of their attorneys, consultants, witnesses or agents, shall reveal, display or disclose any information designated as CONFIDENTIAL except, solely for the purposes of this case, to the parties; to counsel of record; to the paralegals, consultants, or other agents under the direct supervision of counsel of record, solely for the purpose of assisting counsel of record in this case; to any witnesses endorsed by any party or any person whom counsel in good faith considers to be a potential witness, but only insofar as is necessary relative to matters pertaining to the testimony or anticipated testimony of such witness or potential witness; or at the trial, or at any appeal or other court proceeding in this case; provided, however, that each party shall redact all Social Security numbers from any document that he or it files with this Court or offers into evidence at the trial or at any hearing in this case.

5.      In disclosing any information designated CONFIDENTIAL, as permitted by paragraph 4 above, counsel shall advise the person to whom disclosure is made regarding the terms of this Protective Order and provide such person with a copy of this Protective Order.

6.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting the court determine whether the disputed information should be subject to the terms of the Protective Order.  If such a motion is timely filed, the information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed

information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

7.     At the conclusion of this case, unless other arrangements are agreed upon, all information designated as CONFIDENTIAL, and copies thereof, shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

8.     Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by ~~written agreement of the parties or by~~ order of this Court.  Each party reserves the right to object to any other party's motion or request to modify this Protective Order.

9.     If a party objects to a designation of confidentiality, the Court will decide the issue based on the law, and the confidentiality order will have no presumptive effect.

Dated February 13, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

APPROVED AND AGREED TO BY:

   s/ *Matthew J. Smith*

Mary Hurley Stuart, #10947
Matthew J. Smith, #32043
HOLME ROBERTS & OWEN LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado  80203-4541
Telephone:     (303) 861-7000
Facsimile:     (303) 866-0200
E-mail: mary.stuart@hro.com
E-mail: matt.smith@hro.com

Attorneys for Defendant Union Pacific
Railroad Company

and

s/ *John R. Olsen*

John R. Olsen
Olsen and Brown, LLC
8362 Greenwood Drive
Niwot, CO  80503
Tel:  303-652-1133
E-mail:  olsenbrown@comcast.net

Attorneys for Plaintiff Ernest Bocanegra

5